Thank you. Please call the next case. Counsel, you may proceed. May it please the court, counsel. This is all... Would you state your name, sir? Oh, I'm sorry. And speak up a little bit, too, if you could. Thank you. Paul Grauer for the petitioner. This is also a traveling employee case. Apparently, the commission hadn't got it yet. Because, in my case, they determined... By the way, the facts are undisputed in this case. The commission determined that Mr. Kertis was a traveling employee because he went from branch to branch. No issue there. The only detour in this case was made by the commission. Because they determined he's a traveling employee. The next step in the analysis is, was his conduct reasonable and foreseeable? At the branch in St. Charles, where he's going for his real estate closing, they had no parking at the bank. So he had to park on the street in a parking lot. Of course, it's reasonable and foreseeable that he's going to be used in an available lot and be subject to whatever defects there are in that lot. Because he's a traveling employee. On the way through the lot, there's a car coming in. He's going out. He stumbles into a pothole. Your analysis should stop there. What the commission did, it got into the issue of whether or not his accident arose out of the employment. Because they already determined that he was in the course of his employment. So that's not an issue. So then they get into the analysis, did his accident arise out of his employment? And they get into the analysis of walking through parking lots and all that. Completely wrong. Now, as a matter of fact, as pointed out by the dissenting commissioner, who did get it right, he was subject to an increased risk as opposed to the general public. Because three or four times a week, he had to walk through that same parking lot or one adjacent. And to be subject to all of the defects that were there. And he had the risk greater than the general public. Because the general public doesn't walk through there three or four times a week. Counsel, let me see if I can establish a couple of things. The claimant clearly testified that he regularly went between the two offices, correct? Correct. Did the employer ever present any evidence to contradict or rebut that testimony? No. The only person that testified is the petitioner. The facts are understood. And is there any dispute that the employer did not provide employee parking at the St. Charles office? No. That's it. That's all I have. Thank you very much. Thank you. Thank you, sir. Counsel, you may respond. May it please the court, counsel? My name is Lisa Barbieri, and I represent the respondent in this case, Washington Mutual, now known as Chase Bank. Obviously, we disagree in the analysis of this case. The only commissioner was the dissent that found petitioner to be a traveling employee. We would point out that he did, that the petitioner did not have to use the parking lot he chose. Well, let's not blend, let's not conflate the analysis. On the doctrine of the traveling employee, the claimant testified that he had to travel between these two branches on a regular basis. Is there any evidence to contradict that? No. Okay. So then why wouldn't he be a traveling employee? He's traveling every day, isn't he? Assuming he is a traveling employee, we would then argue that this conduct was not foreseeable, that he would choose this particular lot when there were 16 other lots available. He was never directed. There was no reserved spots. Wait a second. Is that irrelevant? Did the employer, did the bank, did Washington Mutual ever designate a parking place for him to park? No, they did not. Okay. So wasn't it obviously reasonably foreseeable that he had to park somewhere near the bank? Yes. Okay. So what is this reasonably foreseeable he would park in the lot that he parked in? Do you have to be aware of which specific lot he's going to be into when you don't provide any parking for him? No. You have to look at his conduct. And his conduct was reasonable, but it's... His what? His conduct was reasonable to park in a parking lot. He had to park in a parking lot. So far, so good. That's reasonable. When did it become unreasonable? When he stepped in a pothole? Well, I think it was unforeseeable that he would use that particular lot. So you're saying what's missing is foreseeability. Correct. But foreseeability of what? That he parked the car? In that particular lot. He doesn't have to be foreseeable to park on that lot. It has to be foreseeable he'd park his car. It has to be foreseeable he'd get out of his car. And then he'd walk from his car to the other place. And your commission found that he was in the course of his employment because his job duties required him to travel to and from two banks. And the only thing they found was that stepping in a pothole was a risk to which the general public is exposed. But if you're a traveling employee, you get an advantage of the street risk doctrine. And that means that anything that happens to you out there while you're in transit is compensable. And this guy clearly had to travel. I think what we're going off hand here, and I don't question your sincerity, is we agree that it was foreseeable that he had to park somewhere. You're saying it's not foreseeable to the employer that he would park in this particular lot on this particular day. How could that ever enter into the analysis? Is he supposed to tell his employer before he goes to work or he's going to park every day? You've tacitly conceded he's got to park somewhere in a bank. So why does it have to be foreseeable of a particular lot? Well, I would even go into the premise of, you know, whether or not he's a traveling employee. The traveling employee doctrine, as I understand it, is really out there for people who go to a job site, who have to, you know, travel away from their home to a particular place to do their job. This is a person who had two places of work. And he had to go between them. So he's exposed to the street risk in his transportation from one to the other. So had he gone to St. Charles? I guess then my question to counsel would be then, so had he gone to St. Charles in the morning from home, gotten into that same pothole, wouldn't that be commuting to work? Wouldn't that be to and from work? It may very well be. So it's fortuitous to him. But that's not to fix. And we can't change the facts, can we? You know, that's why I asked the question in the last one. Just because you're a traveling employee doesn't mean you're always a traveling employee. You become a traveling employee when you're in transit for your employer or for the benefit of your employer. And clearly this man was. But don't let us preclude any other arguments. Oh, yeah, well, my argument, I mean, like I said, my analysis was not. You have to make something more questionable. Oh, no, how could I possibly? I mean, clearly our argument is, you know, based on the fact that this didn't happen at the employer's premises and not to be off premises, you would have to prove that it arose out of the employment. Our argument is that he was not at an increased risk greater than the general public. The general public could use the slot. Therefore, it's not compensable. And if we were to find that he really truly is not a traveling employee, I think your argument would carry the day. I think that's the threshold question. If he was going to his office every day and commuting to his place of business, he's not a traveling employee. But we'll look at it with a fully objective eye. Yes, please do. Thank you. Thank you, counsel. Counsel, you wish to reply? Obviously, if he was going from home to either one of the places, he would not be a traveling employee. It's only when he's going between the two banks. Thank you. Thank you, counsel, both for your arguments in this matter. We've taken our advisement. Written disposition will issue.